UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN DOGEN,

    Plaintiff,

    v.

GLOBALWARE SOLUTIONS, INC., and Does 1 through 20,

    Defendants.

No. C 06-00797

**MEMORANDUM & ORDER**
**Motion to Amend Complaint**

INTRODUCTION

    Plaintiff Kevin Dogen ("plaintiff") filed this action against Globalware Solutions, Inc. ("defendant") alleging claims for tortious termination in violation of public policy, breach of contract, breach of the implied covenant of good faith and fair dealing, quantum meruit, unjust enrichment, promissory estoppel, accounting and unfair business practices. Specifically, plaintiff alleges that he was fired by defendant, his former employer, shortly before the consummation of a significant sale in order to preclude payment of commissions to plaintiff. Plaintiff seeks various damages, including recovery for emotional distress and exemplary damages; however, the central damages sought are the commissions plaintiff asserts he is due as a result of the revenue generated by the sale.

    Plaintiff now seeks to amend his complaint to include a claim for unpaid wages in violation of California Labor Code section 201, corresponding prayer for statutory fees and costs pursuant to California Labor Code section 218.5 and penalties pursuant to California Labor Code section 203. Defendant contends that the proposed amendment is futile, untimely and will prejudice defendant.

Having considered the parties' arguments and submissions, and for the reasons set forth below, the court enters the following memorandum and order.

LEGAL STANDARD

The amendment of pleadings is governed by Federal Rule of Civil Procedure 15(a), which provides a lenient standard for amendment. Where, as here, a party must seek leave of court to amend its complaint, "leave shall be freely given when justice so requires." Id. The policy of Rule 15(a) is applied with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citation and internal quotation marks omitted).

Reigning in this liberal standard are four factors which, when present, militate against granting leave to amend: bad faith, undue delay, prejudice to the opposing party and futility. Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 880 (9th Cir. 1999). When determining whether any of these factors are present, all inferences should be drawn in favor of granting leave to amend. Id. Of these factors, prejudice is the most important. Absent prejudice, or a "strong showing" of the remaining factors, the presumption in favor of granting leave to amend remains. Eminence Capital, 316 F.3d at 1052. Delay alone is not dispositive, but is relevant, particularly when unexplained. Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999).

DISCUSSION

Defendant essentially raises two contentions in opposition to plaintiff's motion to amend. First, defendant contends that the unpaid commissions at issue do not constitute "wages" within the meaning of Cal. Lab. Code section 200 et seq., thereby rendering the proposed additional claim for violation of Cal. Lab. Code section 201 futile. Second, defendant contends that plaintiff's claim for unpaid wages constitutes a substantive change in plaintiff's allegations, and that defendant will be prejudiced by this untimely amendment.

Defendant construes plaintiff's claim of wrongful termination as a claim for wages and commissions plaintiff would have earned had he remained employed with defendant. Wages are defined by statute as "all amounts for labor performed," Cal. Lab. Code section 200(a), and

2

according to defendant's argument, plaintiff is seeking only recovery for labor he would have performed. This argument is buttressed by the fact that plaintiff does not seek pre-termination wages and commissions, but only post-termination commissions.

Defendant's argument disregards the temporal nature of sales commissions. Commissions are earned before they are paid, and under California law, discharging an employee to avoid paying commissions already earned violates public policy. Gould v. Maryland Sound Indus., Inc., 31 Cal. App. 4th 1137, 1148 (1995). Plaintiff contends that his efforts while employed by defendant culminated in the sale, and that "[u]nder plaintiff's compensation agreement, he is entitled to substantial commissions from the revenue generated from" the sale. First Amended Complaint, ¶¶ 8–9. The fact that the commissions would be calculated and paid post-termination does not alter the fact that they were allegedly earned pre-termination. Thus, on the face of plaintiff's existing complaint, plaintiff seeks commissions for labor he performed while employed by defendant—commissions which would fall within the statutory definition of "wages." Cal. Lab. Code § 200(a).

Defendant next argues that plaintiff has not previously alleged that he is owed unpaid wages, and that as a result, defendant failed in discovery and mediation to plumb the factual depths of plaintiff's unpaid wages. This argument falls with the first. Reasonably construed, plaintiff's complaint does in fact seek unpaid wages: the commissions plaintiff contends he earned while employed by defendant. Defendant was on notice of this contention when it was served with the original complaint in this action, and has demonstrated no prejudice.

Plaintiff's proposed amendment does not, in substance, contain new allegations, but only a new cause of action based on the same facts and a prayer for statutory fees and costs. It is true that plaintiff delayed in making this amendment, and has failed to explain this delay. Nonetheless, plaintiff's delay in making this amendment has not delayed these proceedings and will not require additional discovery. Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001). Further, delay alone cannot justify denying leave to amend. Id. at 712–13. Accordingly, plaintiff is granted leave to file a second amended complaint.

CONCLUSION

Based on the above findings, the court hereby GRANTS plaintiff's motion for leave to file a second amended complaint.

IT IS SO ORDERED.

Date: Dec. 27, 2006

MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California

4